IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ELIJHA T. HALL**                                                                                    **PLAINTIFF**

**VERSUS**                                                     **CIVIL ACTION NO. 5:17-cv-146-KS-MTP**

**TRAVIS B. PATTEN,** *et al.*                                                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court for an evaluation of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court held a *Spears* hearing in this matter on January 24, 2019. After careful consideration of the applicable law, Plaintiff's testimony at the *Spears* hearing, and review of the record, the undersigned recommends that this matter be dismissed because Plaintiff has not stated a claim.

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K . Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). Prisoners' *pro se* 42 U.S.C. § 1983 pleadings are construed liberally. *Wesson v. Oglesby*, 910 F.2d 278, 279 (5th Cir. 1990).

Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Id.* (quoting 42 U.S.C. §

1983).

Plaintiff alleges that while housed as a pretrial detainee at the Adams County Jail, he slipped and fell in a puddle of water.[1]  Order [52].  The fall injured Plaintiff's back.  Plaintiff testified that a sink was leaking and other inmates previously alerted the guards that water was on the floor, but no one took any action.  *Id*.

Plaintiff was taken to the hospital on two separate occasions for treatment, but he testified that he needed more treatment and it was not provided.  He also testified that a captain at the jail told him that the jail could not afford to continue to take him to the hospital.  Plaintiff claims that his back continues to hurt.

Regarding the slip and fall, Plaintiff has only stated a claim for negligence against Defendants.   A slip and fall is a "garden-variety negligence claim" and is not actionable under 42 U.S.C. §1983.  *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995); *see also Noble v. Grimes*, 350 Fed. App'x 892 (5th Cir. 2009).  Therefore, the initial injury does not state a claim and should be dismissed.

Plaintiff's complaint could also be construed to allege a denial of medical care.  But by Plaintiff's own admission, he was taken to the hospital for treatment twice after he fell.  Radiographs were taken and Plaintiff was provided medication.  Omnibus Order [52].  This testimony does not state a claim for denial of medical care.

To establish a denial of medical care claim, a plaintiff must show that the defendant acted with deliberate indifference to the Plaintiff's serious medical needs, constituting the unnecessary and wanton infliction of pain.  *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).  "[M]ere

---

[1] Plaintiff filed supplemental pleadings that discussed his underlying criminal conviction and sought to add other defendants.  Many defendants were then dismissed from this action.  *See* Order [20].  Moreover, this action only addresses Plaintiff's civil rights claim and does not consider, or in any way impact, his state court conviction.

disagreement with one's medical treatment is insufficient to show deliberate indifference, as are claims based on unsuccessful medical treatment, negligence, or medical malpractice." *Delaughter v. Woodall*, 909 F.3d 130, 136 (5th Cir. 2018). Plaintiff disagrees with the treatment he received but has not alleged that Defendants were deliberately indifferent to his medical needs. Moreover, Plaintiff has not alleged sufficient facts to permit an inference that Defendants were subjectively aware of a serious risk to Plaintiff's health and ignored that serious risk. *Hunt v. Allison*, 2010 WL 4340323 at *7 (S.D. Miss. Sept. 2, 2010). Therefore, Plaintiff has failed to state a claim for denial of medical care.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends dismissing this action for failure to state a claim on which relief can be granted.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 21st day of August, 2019

s/ Michael T. Parker<br>United States Magistrate Judge